## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Pennsylvania National
Mutual Cas. Ins. Co.

v.

Robert Leonard Hoffman, Jr., et al.

March 1, 1994

Case No. (Law) CL92-1451

BY JUDGE KENNETH N. WHITEHURST, JR.

This declaratory judgment action was heard on January 13, 1994, and counsel subsequently submitted briefs to the Court. At issue is whether defendant Alfred B. Smith's employment of the hood of a truck as a gunrest constitutes a "use" of the vehicle that would trigger coverage under the uninsured motorist provisions of policies covering persons in another vehicle that was allegedly struck by Smith's fire.

According to the transcripts filed in this case, on September 25, 1993, Alfred B. Smith drove to a rural, unpopulated area of the City of Virginia Beach to "sight in" a rifle. After parking his truck and putting his keys in his pocket, Mr. Smith walked off two hundred yards and attached a target to a tree stump. He then returned to his truck, loaded his rifles, and shot several rounds while resting his rifle on a styrofoam pad that he had placed on the vehicle's hood.

At approximately the same time, a truck driven by Harvey Edward Vincent exited nearby woods and was struck by a bullet that injured his daughter, Jamie Christian Vincent, and his nephew, Robert Leonard Hoffman, Jr. Together they filed an action at law against Mr. Smith. Pennsylvania National Mutual Casualty Insurance Company, the insurer of Mr. Vincent's vehicle, later filed a declaratory judgment action asking this Court to determine its obligations under its policy. Nationwide Insurance Company, which had an identical uninsured motorist provision as a part of its liability policy covering a Ford truck owned by Katherine Y. Hoffman,

joined with Pennsylvania National Mutual Casualty Insurance in this action.

In *State Farm Mutual v. Powell*, 227 Va. 492 (1984), the Supreme Court of Virginia held that the ownership, maintenance, or use provisions of automobile liability policies should be construed "in the light of the subject matter with which the parties are dealing; the terms of the policy should be given their natural and ordinary meaning." The Court also held that a causal relationship must exist between an accident and a motor vehicle's employment as a vehicle.

Mr. Smith indicated in his testimony that, at the time of the accident, he was not thinking of his truck as a vehicle, but merely as something to prop his rifle on ("It was just there. It could have been a log, a stump, a limb."). It is also the opinion of this Court that Mr. Smith was utilizing his truck in the manner of a log or stump and not as a vehicle. After the vehicle was parked and Mr. Smith had unloaded all of the items necessary for his purposes in the woods, the truck's function as a means of conveyance was finished. *State Farm Mutual v. Rice*, 239 Va. 646 (1990). No causal relationship existed between the injuries suffered by the occupants of Mr. Vincent's truck and Mr. Smith's use of his truck as a motor vehicle.

The decision of the Court of Appeals for the Fifth Circuit in *Fidelity & Cas. Co. of N.Y. v. Lott*, 273 F.2d 500 (5th Cir. 1960) (that by not restricting the word "use," an insurance company would have its auto liability policy construed against it) has been criticized in insurance treatises and later opinions. And it is this Court's opinion that the *Lott* decision is not controlling in this case, taking into account the Supreme Court's decision in the *Powell* case and its earlier holding in *Phoenix Ind. Co. v. Anderson & Powell*, 170 Va. 406 (1938), that "ambiguous provisions should be construed against the insurance carrier, but in their construction, as in the construction of all other contracts, the rule of reason must prevail . . . ."

For these reasons, this Court is of the opinion that Mr. Smith's employment of his truck's hood as a gunrest is not a "use" contemplated by the uninsured motorist policies issued by the insurance companies involved in this action.